**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIJAH M. SMITH, </br></br>　　　　Petitioner, </br></br>　　v. </br></br>UNITED STATES OF AMERICA, </br></br>　　　　Respondent. | Case No.: 1:18-cv-01722-JLT (HC) </br></br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS </br></br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on October 5, 2018, in the Ninth Circuit Court of Appeals. On December 21, 2018, the Ninth Circuit transferred the petition to this Court. The petition challenges Petitioner's underlying federal conviction and sentence. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will DISMISS[1] the instant petition for lack of jurisdiction.

**BACKGROUND**

Petitioner is currently serving sentences on two separate federal convictions. On January 11, 2005, Petitioner pled guilty to multiple counts of interference with interstate commerce by robbery, aiding and abetting, conspiracy to interfere with interstate commerce by robbery, and use of a firearm

---

[1] The parties have consented to the jurisdiction of the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1

during a crime of violence. See United States v. Smith, Case No. 2:04-cr-00411-CDJ-1 (E.D. Pa.).[2] The District Court of Pennsylvania sentenced him to 594 months of imprisonment and 5 years of supervised release. (Docket No. 124.)

Petitioner appealed to the Third Circuit Court of Appeals and the court affirmed. (Docket Nos. 127, 135.) Petitioner then filed a motion to vacate/set aside/correct the sentence pursuant to 28 U.S.C. § 2255 on June 16, 2016, in the sentencing court. (Docket No. 163.) On August 3, 2018, the sentencing court ordered briefing on the motion and it appears the matter is currently pending. (Docket No. 169.)

In a separate action, on May 13, 2005, Petitioner pled guilty to interference with interstate commerce by robbery, conspiracy to interfere with interstate commerce by robbery, aiding and abetting, and use of a firearm during a crime of violence. See United States v. Smith, Case No. 2:05-cr-00126-CDJ-2 (E.D. Pa.). The district court sentenced him to a term of 210 months to run concurrently to his other sentence, 84 months to run consecutively, and 5 years of supervised release. (Docket Nos. 52, 53.) Petitioner appealed to the Third Circuit Court of Appeals and the appellate court affirmed judgment on August 14, 2006. (Docket No. 79.) Petitioner then filed a motion to vacate/set aside/correct the sentence under § 2255 on June 16, 2016. (Docket No. 140.) The motion is currently pending in the sentencing court.

Petitioner now brings this habeas petition challenging his conviction and sentence. He claims his conviction is invalid because the statute under which he was convicted was void for vagueness. (Pet. at 6.) He also claims the length of his sentence is illegal because the statute was void for vagueness. (Pet. at 6.)

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.).

2

under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

3

Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Eastern District of Pennsylvania. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Pennsylvania District Court, not a habeas petition pursuant to § 2241 in this Court. As previously set forth, Petitioner currently has two pending § 2255 motions in the sentencing court. Petitioner makes no argument that these avenues of relief are inadequate or ineffective, and he does not present a claim of actual innocence.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of jurisdiction. Petitioner's avenue for relief lies with the § 2255 actions he currently has pending in the sentencing court.

**ORDER**

Accordingly, the Petition for Writ of Habeas Corpus is DISMISSED for lack of jurisdiction. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated: __February 6, 2019__         __/s/ Jennifer L. Thurston__
                                    UNITED STATES MAGISTRATE JUDGE